

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place Dr., Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

FILED
13 SEP 11 PM 3:59
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MCGHEE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BPI SPORTS, LLC; BPI SPORTS HOLDINGS, LLC; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: **CV13-6670 ABC (PLAx)**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JOSHUA MCGHEE ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief:

## I.  INTRODUCTION

1.   BPI SPORTS, LLC and BPI SPORTS HOLDINGS, LLC (collectively hereinafter referred to as "Defendant") manufactures, markets, and sells "Pump-HD" ("the Product") as a "Pre-Workout Muscle Builder" which Defendant advertises as containing Ornithine AKG ("AKG"). Defendant claims that the AKG in the Product, along with the other ingredients, is designed to provide "Intensity", "Strength", "Power", "Endurance", and "Energy for Explosive Workouts". The Product also promises "Skin Tearing Pumps and Vascularity" and "Increased Lean Muscle Mass." In reality, a laboratory analysis conducted utilizing state-of-the-art High Pressure Liquid Chromatography (HPLC) protocol shows that the product contains *no AKG*, and thus

cannot provide the results promised, cannot perform as Defendant claims, and does not contain the active ingredients promised.

2. Plaintiff brings this class action lawsuit to enjoin the ongoing deception of tens of thousands of California and United States consumers by Defendant, and to recover the money taken by this unlawful practice.

## II. THE PARTIES

**A. Plaintiff.**

3. Plaintiff is a resident of Los Angeles County, California and purchased Defendant's Product in 2013. Plaintiff relied on Defendant's representations regarding the ingredients and efficacy of the Product, as detailed herein, and but for those representations, Plaintiff would not have purchased or paid as much for the Product.

**B. Defendants.**

4. Upon such information and belief, BPI Spots, LLC and BPI Sports Holdings, LLC are Florida limited liability companies that manufacture, market, and sell the Product and do business across the United States.

5. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

6. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (BPI Spots, LLC, BPI Sports Holdings, LLC and DOE Defendants will hereafter collectively be referred to as "Defendant").

## III. JURISDICTION AND VENUE

7. A Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than the Defendant. *See* 28 U.S.C. §1332(d)(2)(A).

8. This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

9. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

## IV. FACTS

10. Defendant manufactures, markets, and sells "Pump-HD" as a "Pre-Workout Muscle Builder" with the ability to provide "Intensity" and "Energy for Explosive Workouts", added "Strength", "Power" and "Endurance", as well as "Skin Tearing Pumps and Vascularity" with "Increased Lean Muscle Mass."

11. Defendant further claims the Product is "formulated with well-researched, trialed and tested ingredients proven to build muscle and increase exercise performance."

12. Defendant also specifically claims that its Product contains AKG, an ingredient Defendant claims is used "for its pro-anabolic and anti-catabolic effects" and, when combined with the Product's other ingredients, "has been shown in groundbreaking research to be the gold standard for improving performance, power, stamina, and endurance."

13. In reality, Defendant's Product *contains no AKG* – as confirmed by a recent laboratory analysis utilizing state-of-the-art High Pressure Liquid Chromatography (HPLC) protocol. Thus, all of Defendant's claims based on the ingredient's capabilities are completely false.

14. Defendant's misrepresentations regarding the Product's ingredients, and therefore the efficacy assertions of its Product were designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to believe that the Product contained AKG, and thus could cause intense muscle building. Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the Product but for Defendant's misrepresentations.

15. Defendant sells a *one-month* supply of the Product for approximately $40.00 based on the preceding false advertising claims. As a result, Defendant has wrongfully taken millions of dollars from consumers nationwide.

16. Plaintiff brings this class action lawsuit to enjoin the ongoing deception of thousands of consumers by Defendant, and to recover the money taken by this unlawful practice.

## V. CLASS ACTION ALLEGATIONS

17. Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> All persons located within the United States who purchased Pump-HD during the four years preceding the filing of this complaint through the date of final judgment in this action (the "Class").

18. This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

19. The Class is so numerous that the individual joinder of all of its members is impractical. *See* Fed. R. Civ. P. 23(a)(1). While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes tens of thousands of members. Plaintiff alleges that the Class may be ascertained by the

records maintained by Defendant.

20. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. *See* Fed. R. Civ. P. 23(a)(2). These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

   a. Whether Defendant's Product contains an active amount of AKG;

   b. Whether Defendant's Product can provide the results promised;

   c. Whether Defendant's representations regarding the Product were false;

   d. Whether Defendant knew that its representations were false;

   e. Whether Defendant's conduct constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, et seq.);

   f. Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, et seq.);

   g. Whether Plaintiff and Class members are entitled to compensatory damages, and if so, the nature of such damages;

   h. Whether Plaintiff and Class members are entitled to restitutionary relief; and

   i. Whether Plaintiff and Class members are entitled to injunctive relief.

21. Plaintiff's claims are typical of the claims of the members of the Class. *See* Fed. R. Civ. P. 23(a)(3). Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein. The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

- 5 -
CLASS ACTION COMPLAINT

22.     Plaintiff will fairly and adequately protect the interests of the members of the Class. *See* Fed. R. Civ. P. 23(a)(4). Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

23.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. *See* Fed. R. Civ. P. 23(b)(3). Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24.     The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members. *See* Fed. R. Civ. P. 23(b)(1)(A).

25.     The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests. *See* Fed. R. Civ. P. 23(b)(1)(B).

26.     Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole. *See* Fed. R. Civ. P. 23(b)(2).

## VI. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

## (CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)

### (By Plaintiff and on Behalf of the Class Against Defendants)

27. Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

28. Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiff purchased the Product in reliance on Defendant's false labeling, ingredient, and marketing claims.

29. Defendant has engaged in false advertising as it has disseminated false and/or misleading representations about the Product.

30. Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading. During the Class Period, Defendant engaged in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by misrepresenting in its advertising and marketing of the Product to Plaintiff, Class members, and the consuming public, that its Product did not contain the ingredients claimed, or have the abilities claimed.

31. By disseminating and publishing these statements in connection with the sale of the Product, Defendant has engaged in and continues to engage in false advertising in violation of Bus. & Prof. Code §§ 17500, *et seq.*

32. As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money. Therefore, Defendant has been unjustly enriched. Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests restitution and restitutionary disgorgement for all sums obtained in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.* Plaintiff seeks injunctive relief, restitution, and restitutionary disgorgement of Defendant's ill-gotten

gains as specifically provided in Cal. Bus. & Prof. Code § 17535.

33. Plaintiff and Class members seek to enjoin Defendant from engaging in these wrongful practices, as alleged herein, in the future. There is no other adequate remedy at law and if an injunction is not ordered, Plaintiff and the Class will suffer irreparable harm and/or injury.

## SECOND CAUSE OF ACTION
## UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES
## (CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)
### (By Plaintiff and on Behalf of the Class Against Defendants)

34. Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

35. Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiff purchased the Product in reliance on Defendant's marketing and ingredient claims. Plaintiff used the Product as directed, but it did not work as advertised and was not of the standard, quality and grade advertised.

36. Defendant's actions as alleged in this Complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code §§ 17200, *et seq.*, in that Defendant's actions are unfair, unlawful, and fraudulent, and because Defendant has made unfair, deceptive, untrue, or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code §§ 17200, *et seq.*

37. Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading. During the Class Period, Defendant engaged in unfair, unlawful, and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by misrepresenting in its advertising and marketing of the Product to Plaintiff, Class members, and the consuming public that, the Product was effective and contained the ingredients claimed.

38. Each of the aforementioned representations alleged in this Complaint was false and misleading because the Product is not of the standard, quality or grade advertised.

39. Defendant's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are misled by the claims made with respect to the Product as set forth herein.

40. Defendant's business practices, as alleged herein, are unlawful because they violate the False Advertising Law.

41. Defendant's business practices, as alleged herein, are fraudulent because they are likely to, and did, deceive customers—including Plaintiff and members of the Class—into believing that the Products have characteristics, ingredients, and benefits they do not have.

42. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendant is marketing and selling its Product in a manner likely to deceive the public.

43. As a direct and proximate result of Defendant's wrongful business practices in violation of Business and Professions Code §§ 17200, *et seq.*, Plaintiff and members of the Class have suffered economic injury by losing money as a result of purchasing the Product. Plaintiff and members of the Class would not have purchased or would have paid less for the Product had they known that it was not as represented.

44. Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the Complaint. Plaintiff and the Class also seek an order requiring Defendant to make full restitution of all moneys they wrongfully obtained from Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the Class request that the Court enter an order or judgment against Defendants, and each of them as named in the future, as follows:

1. For an order certifying the Class, appointing Plaintiff and his counsel to represent the Class, and notice to the Class to be paid by Defendants;

2. For damages suffered by Plaintiff and Class members;

3. For restitution to Plaintiff and Class members of all monies wrongfully obtained by Defendants;

4. For an injunction ordering Defendants to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5. For both pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded;

6. For Plaintiff's costs of the proceedings herein;

7. For reasonable attorneys' fees as allowed by statute; and

8. For any and all such other and further relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: September 11, 2013

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell

By: _____
Scott J. Ferrell
Attorney for Plaintiff and the Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge ____Audrey B. Collins____ and the assigned Magistrate Judge is ____Paul L. Abrams____.

The case number on all documents filed with the Court should read as follows:

**2:13CV6670 ABC PLAx**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 11, 2013            By  J.Prado
       Date                        Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES



Name & Address: NEWPORT TRIAL GROUP
Scott J. Ferrell (State Bar No. 202091)
Victoria C. Knowles (State Bar No. 277231)
4100 Newport Place, Suite 800, Newport Beach, CA 92660

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JOSHUA MCGHEE, individually and on behalf of all others similarly situated | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV 13-6670 ABC (PLAx) |
| v. | |
| BPI SPORTS, LLC; BPI SPORTS HOLDINGS, LLC; and DOES 1-10, Inclusive | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Newport Trial Group_____, whose address is _4100 Newport Place, Suite 800, Newport Beach, CA 92660_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __SEP 1 1 2013__          By: **JULIE PRADO**
                                     Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
JOSHUA MCGHEE, individually and on behalf of all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
BPI SPORTS, LLC; BPI SPORTS HOLDINGS, LLC; and DOES 1-10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
NEWPORT TRIAL GROUP
4100 Newport Place, Suite 800
Newport Beach, CA 92660
Tel: 949/706-6464 Fax: 949/706-6469

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No     ☒ **MONEY DEMANDED IN COMPLAINT:** $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC §1332

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☒ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**     Case Number:   CV13-6670

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? ☐ Yes ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: || INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies:<br><br>☐ 2 or more answers in Column C<br><br>☐ only 1 answer in Column C and no answers in Column D<br><br>Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➡ | C.2. Is either of the following true? If so, check the one that applies:<br><br>☒ 2 or more answers in Column D<br><br>☐ only 1 answer in Column D and no answers in Column C<br><br>Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⬇ |
|---|---|
| Your case will initially be assigned to the<br>WESTERN DIVISION.<br>Enter "Western" in response to Question D below. ||

| Question D: Initial Division?<br>Enter the initial division determined by Question A, B, or C above: ➡ | INITIAL DIVISION IN CACD |
|---|---|
| | Western Division |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: September 11, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |